**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JOSEPH D. LENTO, ESQ., *et al.*, | |
| Plaintiffs, | Civil Action No. 24-5150 (MAS) (RLS) |
| v. | **MEMORANDUM ORDER** |
| KEITH ALTMAN, ESQ., *et al.*, | |
| Defendants. | |

**SHIPP, District Judge**

     This matter comes before the Court upon review of its docket. On August 14, 2024, this Court issued an Order to Show Cause ("OTSC") (ECF No. 31), after having concerns that this matter may not be appropriately before it. Specifically, when Defendants Keith Altman ("Altman") and the Law Office of Keith Altman, PLLC ("KAL") (collectively, "Defendants") removed this matter, they represented that the matter was removed from "the Superior Court of New Jersey, Middlesex County, Law Division." (ECF No. 1.) Defendants, however, attached a Michigan state court action wherein Altman is the Plaintiff, not the Defendant. (ECF No. 1-2.) Because the Notice of Removal affixed the incorrect complaint, this Court directed Defendants to show cause as to why: (1) this Court has subject matter jurisdiction over this action; and (2) why this action should not be dismissed for an improper removal. (OTSC 2.) The Court also provided Plaintiffs Joseph D. Lento, Esq. ("Lento") and the Lento Law Firm, LLC ("LLF") (collectively, "Plaintiffs") an opportunity to file a reply to Defendants' response to the OTSC. (*Id.*)

     Defendants timely responded to the Court's OTSC, explaining that the "Michigan case was inadvertently attached to the New Jersey removal in error" and affixed the correct New Jersey state

court complaint. (ECF No. 32.) Then, Plaintiffs timely filed a reply to Defendants' response. (ECF No. 33.) Having reviewed the parties' submissions, the Court has further concerns. Before addressing its concerns, the Court finds it necessary to lay out the factual and procedural background of this matter.

Beginning with the factual background, Lento and Altman are attorneys who worked together under an oral agreement ("Agreement"), on student disciplinary cases. (Defs.' Reply Br. Ex. A, Compl. ¶ 12, ECF No. 32-1.) After a year of working together, Lento terminated the Agreement. (*Id.* ¶ 29.) The current dispute originates from the events leading up to that termination. (*See id.*)

In March 2020, Lento, a Pennsylvania citizen and sole owner of LLF, a Pennsylvania-based law firm, (*id.* ¶¶ 2-3), entered into the Agreement with Altman, a Michigan citizen and sole owner of KAL, a Michigan-based law firm (*id.* ¶¶ 4-5, 12). The Agreement defined how the attorneys would share fees and divide responsibilities. (*Id.* ¶ 12.) As to fees, the parties agreed to a fifty-fifty split for student defense cases in litigation and a sixty-forty split for student defense cases in pre-litigation, with Lento taking sixty percent and Altman receiving forty percent. (*Id.* ¶ 12(a),(b).) As to responsibilities, Lento would handle starting the cases and exclusively advertise for more student defense cases through online advertisement campaigns and marketing. (*Id.* ¶ 12(f).) After starting the cases, Lento would "associate" the student defense cases to Altman for Altman to take the lead on them. (*Id.* ¶ 13.) Altman would also be responsible for sending fee agreements to new student defense clients. (*Id.* ¶ 12(d).) In addition, the Agreement required Altman, under a non-compete clause, to only handle student defense cases in association with Lento (*id.* ¶ 12(e)), and prohibited Altman from advertising independently for student defense cases (*id.* ¶ 12(f)).

2

After a few months of working together, Lento started running online advertising campaigns, bringing in more student defense cases, when he noticed problems with Altman's work with pre-litigation matters. (*Id.* ¶¶ 14-16.) Specifically, Altman had: (1) failed to follow up with clients, leading to clients requesting refunds that Lento ultimately had to issue; (2) neglected to send out fee agreements for new clients to sign, working on cases under no client fee agreements; and (3) failed to handle various student defense cases, resulting in a loss of counsel fees to Lento because he had to refund client fees. (*Id.* ¶¶ 17-19.)

The relationship fractured when Altman threatened to terminate the Agreement unless Lento gave him immediate payments. (*See id.* ¶ 21.) Between 2021 and 2022, Lento continued to provide payments. (*Id.* ¶¶ 21-23, 27-28.) After one too many threats, Lento terminated the Agreement. (*See id.* ¶ 29.) Before ending their relationship, however, Lento discovered that Altman made a new website for his law firm, which copied Lento's websites by paraphrasing sections and displaying testimonials from Lento's clients who were not clients of KAL. (*Id.* ¶¶ 31-34.) Altman also posted advertisements that used Lento's name but directed web traffic to KAL. (*Id.* ¶ 35.) In the end, the parties decided to part ways and finalized a mutual walkaway settlement agreement ("Settlement Agreement"), which included client transfer and outstanding financial obligations of the parties. (Defs.' Reply Br. 1.)

Before delving into the procedural history of the instant case, the Court briefly examines the procedural history of two closely related cases: (1) *Lento, et al. v. Altman, et al.*, No. 22-4840, commenced in the District of New Jersey, Camden Vicinage ("*Lento I*")[1]; and (2) *Lento, et al. v.*

---

[1] Docket entries from the related matter, *Lento, et al. v. Altman, et al.*, No. 22-4840 (D.N.J.), are designated as "*Lento I*, ECF No."

*Altman, et al.*, COA Docket, No. 24-1899, appealed from *Lento I* and now pending before the

Third Circuit (the "Appeal")[2] (*See* Notice of Appeal, Lento *I*, ECF No. 154; *see also* COA Docket).

The Court will begin by addressing *Lento I*. After the parties' relationship soured[3], on

August 1, 2022, prior to filing the instant action, Plaintiffs filed suit against Defendants[4] in the

United States District Court for the District of New Jersey, Camden Vicinage, asserting similar

allegations arising from the same set of facts as the instant case.[5] *See generally Lento, et al. v.*

*Altman, et al.*, No. 22-4840. In *Lento I*, Defendants filed a counterclaim against Plaintiffs based

solely on the breach of the Settlement Agreement. (*See* Answer, *Lento I*, ECF No. 51.) Then, on

June 27, 2023, the Honorable Robert B. Kugler, U.S.D.J. (Ret.), in a written decision, dismissed

all of Plaintiffs' federal claims and many state law claims. (*See* Op., *Lento I*, ECF No. 39; and

Order, *Lento I*, ECF No. 40.) After doing so, Plaintiffs filed a Motion to Amend the Complaint on

September 8, 2023. (*Lento I*, ECF No. 63.) On March 18, 2024, the Court dismissed Defendants'

counterclaim. (Order, *Lento I*, ECF No. 123.) Finally, on April 10, 2024, the Court denied

Plaintiffs' Motion to Amend the Complaint, explaining that the proposed Second Amended

_____

[2] Docket entries from the Appeal matter, *Lento, et al. v. Altman, et al.*, COA Docket No. 24-1899, are designated as "COA Docket, ECF No."

[3] According to Defendants, at the eleventh hour of executing the agreed upon Settlement Agreement, Plaintiffs instead decided to file suit. (Defs.' Reply Br. 1.)

[4] Plaintiffs subsequently filed an Amended Complaint on August 30, 2022. (*Lento I*, ECF No. 17.)

[5] The Court notes that Plaintiffs' action filed in the District of New Jersey, Camden Vicinage, *Lento, et al. v. Altman, et al.*, is substantially analogous to the instant case. *See* No. 22-4840. The Court also notes that there is a parallel pending Michigan state action. (Mich. Action, ECF No. 1-2.) On April 11, 2024, Defendants, in this action, filed suit against Plaintiffs in the Circuit Court for the County of Oakland in the State of Michigan, (*see* Mich. Compl.), asserting analogous factual allegations against Plaintiffs. Plaintiffs removed the Michigan state law case to federal court, but the Eastern District of Michigan remanded the case back to the Circuit Court for the County of Oakland, where that case remains pending. (*See* Defs.' Reply Br. 1-2.)

Complaint suffered from the same jurisdictional defects as the First Amended Complaint. (Order Den. Am. Compl., *Lento I*, ECF No. 146.) Some of Plaintiffs' claims, however, were dismissed without prejudice, as the ruling was made based on jurisdiction.[6] (*See generally id.*) Following the denial of Plaintiffs' Motion to Amend, Defendants moved the Court to issue a final judgment (Mot. For Final J., *Lento I*, ECF No. 148), which Judge Kugler denied on April 29, 2024, because the Court lacked subject matter jurisdiction. (*Id.*; Order Den. Final J., *Lento I*, ECF No. 153). In turn, on May 10, 2024, Defendants appealed to the Third Circuit Judge Kugler's decision on the dismissal of Defendants' counterclaim and the order of dismissal for lack of subject matter jurisdiction. (*See generally* Notice of Appeal, *Lento I.*) To date, Defendants' Appeal remains pending. (*See* COA Docket No. 24-1899.)[7]

Turning to the instant matter, after the Court dismissed Plaintiff's complaint in *Lento I*, Plaintiffs refiled their previously dismissed claims against Defendants on April 12, 2024, in the Superior Court of New Jersey, Middlesex County ("*Lento II*"). (*See* Defs.' Reply Br. 2.) Defendants subsequently removed the action to this Court, invoking diversity jurisdiction. (Notice of Removal 2, ECF No. 1.) Defendants then moved to dismiss Plaintiffs' present action based on lack of personal jurisdiction and lack of prosecution. (*See generally* Defs.' Moving Brs., ECF Nos. 9, 10.) Plaintiffs opposed the motions (ECF Nos. 18, 19), and Defendants replied (ECF Nos. 29, 30).

---

[6] After the Court dismissed the two bases for the Court's federal question subject matter jurisdiction, the Court declined to exercise supplemental jurisdiction over the remaining state law claims. (Order Den. Am. Compl., *Lento I* 7.) The state law claims, therefore, were dismissed without prejudice so that they could be brought in state court. (*Id.*)

[7] The Third Circuit has not rendered a decision as the parties have submitted briefs as recently as October 15, 2024. (COA Docket, ECF Nos. 25, 27.)

In the instant matter, *Lento II*, Plaintiffs' claims and facts are nearly identical to the claims and facts that were in *Lento I* and are on appeal before the Third Circuit.[8] It is well settled that this Court has broad power to stay proceedings under appropriate circumstances to control the disposition of the cases on its docket and to advance the interests of the economy and effort for itself, counsel, and litigants. *Bechtel Corp. v. Loc. 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). A stay is also appropriate where the outcome of a plaintiff's appeal to the Third Circuit would affect the determination of a pending motion "requiring forbearance on this Court's part to avoid inconsistent rulings" in the same or related litigation. *Autobar Sys. of N.J. v. Berg Liquor Sys., LLC*, No. 23-3790, 2024 WL 919183, at *4 (D.N.J. Mar. 4, 2024) (quoting *Lewis v. Diaz-Petti*, No. 22-3424, 2023 WL 3508327, at *2 (D.N.J. May 23, 2023)). "The Court, in exercising its discretion to impose a stay, may consider: (1) whether a stay will cause undue prejudice to a nonmovant; (2) the status of discovery; and (3) whether a stay will simplify the litigation and promote judicial economy." *Autobar*, 2024 WL 919183, at *4 (quoting *Richimond v. Ningbo Hangshun Elec. Co.*, No. 13-1944, 2015 U.S. Dist. LEXIS 125658, at *10 (D.N.J. Sept. 21, 2015)); *see also Ford Motor Credit Co. v. Chiorazzo*, 529 F. Supp. 2d 535, 542 (D.N.J. 2008) (considering if related actions "(1) involve the same parties; (2) involve the same issues; or (3) are pending in the same court[,]" and, additionally, "whether a stay would prejudice the plaintiff and if it would further the interest of judicial economy").

---

[8] Local Civil Rule 40.1(c) provides that,

> [w]hen a civil action . . . filed by counsel . . . grows out of the same transaction as any case already or previously pending in this Court . . . , counsel . . . shall at the time of filing the action inform the Clerk . . . . Whenever possible, such action shall be assigned to the same Judge to whom the pending or previously related action is or was assigned.

Here, in exercising its discretion, the Court finds it appropriate to stay the present action

pending the Third Circuit's decision of the Appeal.[9] First, the stay will not cause undue prejudice

to the parties when the parties are actively appealing the issue in the Third Circuit, which has not

yet rendered judgment. (*See* COA Docket No. 24-1899.) A decision on the merits by this Court, at

the current stage, may create inconsistent rulings in what is essentially the same litigation as *Lento*

*I*, which is on appeal. *See Lewis*, 2023 WL 3508327, at *2 ("[A] stay is appropriate where the

outcome of [the] appeal affects the determination of [pending motions], requiring forbearance on

this Court's part to avoid inconsistent rulings.") (quotations omitted) (alternations in original).

Second, as Judge Kugler pointed out in *Lento I*, although the parties have started discovery, the

case is still in an early stage. (*See* Order Den. Am. Compl. 7, *Lento I.*) Third, by staying the instant

action, the Court may simplify the litigation and promote judicial economy because important

issues, including jurisdictional issues, on appeal overlap with the parties' motions. (*Compare*

Defs.' Moving Br. 11-17, ECF No. 9, *with* Appellants' Br. 12, *Lento I*, COA Docket No. 24-1899,

ECF No. 20.) Because the Third Circuit's ruling would provide important guidance on the legal

issues in this case, the Court's ruling on Defendants' Motions to Dismiss during the appeal could

result in inconsistent adjudications arising from the same sets of facts. *See, e.g., Lewis*, 2023 WL

3508327, at *2; *Rodgers v. U.S. Steel Corp.*, 508 F.2d 152, 162 (3d Cir. 1975) (holding "that the

district court had inherent discretionary authority to stay proceedings pending litigation in another

---

[9] A stay of proceedings pending the outcome of an appeal can be raised by this Court *sua sponte.*
*MEI, Inc. v. JCM Am. Corp.*, No. 09-351, 2009 WL 3335866, at *4 (D.N.J. Oct. 15, 2009) (citing
*Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir.
2009)) (finding no jurisdiction to hear appeal but noting that district court's *sua sponte* stay was
for an "excellent" reason where a stay was entered pending appeal in a related federal case). Where
the outcome of a case in one federal court could be dispositive of the issues in another federal court
case, a district court may exercise its discretion to stay the case before it, pending the outcome of
the related federal case. *See Locke v. Wetzel*, No. 19-0499, 2020 WL 5506435, at *2 (M.D. Pa.
Sept. 11, 2020).

court"). The Court, at bottom, finds that a stay pending appeal of *Lento I* would simplify this litigation, promote judicial economy, and avoid interfering with the orderly administration of the pending appeal. *See Autobar*, 2024 WL 919183, at *5.

IT IS, THEREFORE, on this <u>12th</u> day of November 2024, ORDERED as follows:

1. This matter is **STAYED** and **ADMINISTRATIVELY TERMINATED** pending the outcome of the Third Circuit's decision in *Lento I*. (COA Docket No. 24-1899.) To the extent that either party believes it has good cause to lift the stay, the party can e-file a motion to lift the stay.

2. The Clerk is directed to **ADMINISTRATIVELY TERMINATE** Defendants' Motions to Dismiss at ECF Nos. 9 and 10.

3. The parties shall file e-file correspondence within seven (7) days of the Third Circuit's decision in *Lento I*. (COA Docket No. 24-1899.)

4. The Clerk of Court shall reopen this matter upon receipt of the parties' correspondence, and, if warranted, Defendants' Motions to Dismiss may be re-listed at that time.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE