KATES NUSSMAN ELLIS FARHI & EARLE, LLP

ATTORNEYS AT LAW
190 MOORE STREET
SUITE 306
HACKENSACK, N.J. 07601-7418
—
TEL. (201) 488-7211
FAX (201) 488-1210
mfarhi@nklaw.com

BRUCE L. NUSSMAN µ
JOEL M. ELLIS *♣∞
MICHAEL FARHI *Δ• ∞
MATTHEW Z. EARLE *♦•Δ
CARA F. LANDOLFI*¥
SANDRA M. BARSOUM *Δ♦
-----
YASMINE HAFEZ

FOUNDED 1913
FORMERLY
PLATOFF, HEFTLER, HARKER & NASHEL
------
HOWARD M. NASHEL
(1936-2006)
-----
OF COUNSEL
MICHAEL B. KATES
ZAKIM & ZAKIM P.C
FLOWERS & O'BRIEN, LLC
ROBERT NUSSBAUM*
STEVEN C. SCHECHTER

* NJ & NY BARS
Δ SO. DIST. NY/EA. DIST. NY
♦ SO. DIST. NY
♣ MASS
¥ NJ & PA BARS
• US COURT OF APPEALS SECOND & THIRD CIRCUITS
 MEMBER OF NJAPM
∞ COURT APPROVED MEDIATOR PURSUANT TO R 1:40-12
µ US TAX COURT

August 29, 2025

**BY ECF**
Hon. Michael A. Shipp U.S.D.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

**RE: JOSEPH D. LENTO, ESQ. et al. v. KEITH ALTMAN, ESQ. et als.**
**Case No.: 3:24-cv-05150-MAS-RLS**

Dear Judge Shipp:

This office represents the Plaintiffs in the above-captioned matter. I write, respectfully, to supplement my letter to you of August 27, 2025, which enclosed copies of two filings entered by the United States District Court Eastern District of Michigan; (1) the Order and Opinion by that Court granting Lento's Motion to Dismiss and (2) the corresponding Judgment. The matter in the Eastern District of Michigan was entitled Keith Altman et al. v. Joseph D. Lento et al. Case No. 2:24-cv-13345.

This letter relates directly to Defendant Altman's pending Notice of Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) (Doc. 9). In that regard, I respectfully note by summary the following determinations made by the Hon. Susan K. DeClercq in her Opinion:

**If Altman means to suggest that the District of New Jersey lacked personal jurisdiction over him, or that it was an improper venue, these arguments come to little too late**. "*… under Civil Rule 12, defendants must raise the defense of lack of personal jurisdiction or improper venue in an answer or pre-answer motion, whichever is filed first, or else the defense is waived … In other words, defendants must raise these arguments when they make their 'first defensive move.'" (p. 12-13)*

*"In this way, Rule 12 makes clear that if Altman had a problem with personal jurisdiction or venue in Lento I, he needed to raise these defenses in* *<u>that</u>* *case, not this one… But Altman's 'first defensive move' in that case was to move to dismiss for failure to state a claim… Altman did not also moved to dismiss for either lack of personal jurisdiction or improper venue, though he certainly could have… His failure to do so means he waived those defenses… Further, Altman spent about two years actually litigating Lento I on the merits in the District of New Jersey, which further supports a finding of waiver as to both personal jurisdiction and venue … In effect, Altman lost his chance to raise these arguments long ago." (p. 13)*

*"Critically, this decision (by the New Jersey District Court in Lento I) not to exercise supplemental jurisdiction over Lento's state law claims could not - and did not - stripped the District Court of its prior authority to adjudicate Altman's compulsory counterclaim … It was entirely proper for the District Court to first exercise supplemental jurisdiction over Altman's one counterclaim and then decline jurisdiction over the rest of Lento's state law claims… For this reason, had Altman asserted the claims he brings here as compulsory counterclaims in Lento I, the New Jersey District Court would have had supplemental jurisdiction over them as well. Altman lost his chance to assert these claims not by any lack of jurisdiction, but by his own hand.*

*… Altman already had one chance to assert counterclaims in Lento I - when he filed his answer to Lento's amended complaint… Altman presumably knew that he had to bring compulsory counterclaims at that point, given that he actually brought one then. And Altman had 2 procedural paths to bring more: he could have amended his counterclaims as a matter of course or sought leave to amend … Yet he did neither. So not only did Altman failed to assert these claims when he was originally required to (in his answer), but he also bypassed the 2 options he had to fix that oversight. Having passed on every procedural option available to him, Altman cannot now claim that he was deprived of an opportunity to be heard. For whatever reason, Altman sat on these claims. The consequence is that they are forever barred." (p. 15-16)*

We have filed a timely opposition to that motion (as well as to the second one filed by Altman) and it is obviously not appropriate to repeat those arguments here. However, I respectfully submit that it is important for Your Honor to know how the Michigan Court addressed the issue of personal jurisdiction in its analysis of the litigations between these parties. I make no further argument in that regard.

Thank you for your courtesies and consideration.

Respectfully submitted
**KATES NUSSMAN ELLIS**
**FARHI & EARLE LLP**

*<u>/s/ Michael Farhi</u>*
MICHAEL FARHI

cc: Adversaries