# PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.
### ATTORNEYS AT LAW

WWW.PRICEMEESE.COM

| | | |
|---|---|---|
| TICE CORPORATE CENTER | 115 EAST STEVENS AVENUE | 89 HEADQUARTERS PLAZA NORTH |
| 50 TICE BOULEVARD, SUITE 380 | SUITE 109 | SUITE 1446 |
| WOODCLIFF LAKE, NEW JERSEY 07677 | VALHALLA, NEW YORK 10595 | MORRISTOWN, NEW JERSEY 07960 |
| **PHONE:  201-391-3737** | **PHONE:  914-251-1618** | **PHONE:  973-828-9100** |
| **FAX:  201-391-9360** | **FAX:  914-251-1230** | **FAX:  201-391-0998** |

**PLEASE RESPOND TO WOODCLIFF LAKE OFFICE**

November 21, 2025

The Honorable Michael A. Shipp, U.S.D.J.
United States District Judge
District of New Jersey
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

> **RE: Civil Action No. 24-5150 (MAS) (JTQ)**
> **Joseph D. Lento, Esq., *et al.* v. Keith Altman, Esq., *et al.***

Dear Judge Shipp:

This Firm represents Plaintiffs Joseph D. Lento, Esq. and the Lento Law Firm, LLC (collectively the "Plaintiffs" or "Lento") in the above-mentioned matter.  Please accept this Letter Memorandum in support of Plaintiffs' respectful Opposition to this Court's Order to Show Cause dated October 31, 2025, intending to dismiss this matter with prejudice on the grounds of res judicata, collateral estoppel, and/or New Jersey's entire controversy doctrine. It is Plaintiffs' position that these doctrines do not apply to the subject Complaint, and this matter must continue on the merits. It is respectfully submitted that a dismissal would be an error.

## I.      Background and Procedural History.

We accept and rely on the brief background set forth in the background of the Order to Show Cause, supplementing same as follows. On August 1, 2022, Plaintiffs initiated the first of a string of actions between themselves and Defendants, Keith Altman, Esq. and the Law Office of Keith Altman, PLLC (collectively the "Defendants" or "Altman"), by filing a complaint in the United States District Court, District of New Jersey.  *See Lento v. Altman*, No. 22-4840 ("*Lento I*"). The District Court dismissed Plaintiffs' federal claims and allowed certain state law claims to proceed. *Hubbard Cert., Ex. A, p. 1-2.* Defendants filed a counterclaim, which was subsequently dismissed. *Id.* at 2. Plaintiffs' remaining claims were also eventually dismissed, without prejudice, as the Court used its discretion to decline supplemental jurisdiction. *Id.*

On April 12, 2024, Plaintiffs and Defendants each subsequently filed a new litigation in their respective state courts—Plaintiffs filing in New Jersey Superior Court, which was thereafter removed to this Court, and Defendants filing in Michigan. *Id.* at 3. Defendants' state court complaint, as alleged against Plaintiffs, was dismissed without prejudice. *Id.* at 3. Defendants then refiled their claims against Plaintiffs in the Eastern District of Michigan (the "Michigan Action"). *Hubbard Cert., Ex. B.* On August 27, 2025, the Michigan Action was dismissed with prejudice on the grounds that two of Defendants' claims—for breach of contract and promissory estoppel—were precluded by Defendants' failure to file them as compulsory counterclaims in *Lento I*, and the sole remaining claim—malicious prosecution—failed to state a claim upon which relief can be granted. *Hubbard Cert., Ex. D.*

In addition to the subject Order to Show Cause, there now remains before this court two motions, filed by Defendants, and Plaintiffs' timely oppositions. *See Farhi Cert.* ¶ 2. These motions have been pending for approximately eighteen months, and rather than reaching the substantive issues presented, the court appears to have identified what it views as a threshold basis for disposition. We respectfully that a dismissal with prejudice on those grounds would be an error.

## II.    **Res Judicata Does Not Bar Plaintiff's Remaining Claims**.

"The doctrine of res judicata contemplates that when a controversy between parties is once fairly litigated and determined[,] it is no longer open to relitigation." *Wadeer v. N.J. Mfrs. Ins. Co.*, 220 N.J. 591, 606 (2015) (quoting *Lubliner v. Bd. of Alcoholic Beverage Control*, 33 N.J. 428, 435 (1960)). It serves to "prevent[] needless litigation" and "avoid[] duplication," *id.*, and therefore application of this doctrine "requires substantially similar or identical causes of action and issues, parties, and relief sought," *Culver v. Ins. Co. of N. Am.*, 115 N.J. 451, 460 (1989). In fact, for res judicata to apply, three elements must be fulfilled:

> (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.
>
> [*Watkins v. Resorts Int'l Hotel & Casino*, 124 N.J. 398, 412 (1991).]

Res judicata does not bar the claims set forth in Plaintiffs' Complaint, as there was no "fair litigation" of Plaintiff's claims. First, Plaintiff Lento's claims are not substantially similar or identical to those raised by Defendant Altman in the Michigan Action, and the parties of the actions are not identical. In the Michigan Action, Altman alleged against Lento: (i) breach of contract, (ii) promissory estoppel, and (iii) malicious prosecution. *Hubbard Cert., Ex. B.* In the within matter, Lento alleges against Altman: (i) violations of the New Jersey RICO law, (ii) breach of contract, (iii) bad faith, (iv) tortious interference with contract, and (v) tortious interference with prospective economic advantage. *Pl. Compl. Id.* Plainly, the Michigan Action was brought *against Lento*, and this action is brought *against Altman*, along with certain fictitious parties. The fact that the two matters concern related subject matter is legally insufficient to trigger res judicata. This matter, the

*Lento v. Altman* case presently before the Court, addresses a different set of rights and injuries than those alleged by *Altman* in the Michigan Action, and therefore it does not involve the "identical or substantially similar" cause of action necessary to trigger preclusion. Accordingly, the doctrine of res judicata cannot bar the *Lento* action from proceeding, and the litigation of those claims should continue, subject to the Court's rulings on the pending applications.

Further, even if the claims asserted herein were substantially similar or identical to the claims asserted in the Michigan Action—which they are not—res judicata does not bar the *Lento* Complaint because two of the claims asserted in the Michigan Action were not dismissed on the merits. The disposition of counts one and two of the Michigan Action was plainly procedural, as the judge simply asserted those counts were compulsory counterclaims in *Lento I. Hubbard Cert., Ex. D.*, p. 9-16.  Such a disposition would not and does not extinguish the underlying claims of *Lento* in this matter under the doctrine of res judicata. *See Walker v. Choudary*, 425 N.J. Super. 135, 154 (App. Div. 2012) (recognizing that while a dismissal with prejudice constitutes an adjudication on the merits, certain grounds for dismissal "bear[] no relationship to the actual merits of the case"); for an expanded analysis, *see also Hubbard Cert.* ¶ 13.

### III.    **Collateral Estoppel Also Does Not Serve to Bar Plaintiff's Claims Remaining**.

Collateral estoppel prevents the relitigation of an issue when:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

> [*Hennessey v. Winslow Twp.*, 183 N.J. 593, 599 (2005) (quoting *In re Est. of Dawson*, 136 N.J. 1, 20-21 (1994)).]

None of these elements are satisfied here. Specifically: (i) Plaintiff *Lento's* allegations are not identical to the issues decided in the Michigan Action, as Plaintiff *Lento* asserts many different causes of action and Plaintiff's claims seek damages from a different party (Defendants, rather than themselves), (ii) the Michigan Action Court dismissed two of the three claims on non-merit based procedural grounds, focusing on *Defendant Altman's* own deficient actions, and therefore the claims were not actually litigated on their merits, (iii) the Michigan Action's dismissal with prejudice did not constitute a final judgment *on the merits*, (iv) the determination of Plaintiff *Lento's* claims herein were not and are not essential to the determination of Defendant's claims in the Michigan Action.  Again, the Court in the Michigan Action did not decide any question— either factual or legal—that is identical to the issues presented in the within matter. Moreover, as further elaborated herein, the Court in the Michigan Action made no substantive findings concerning Plaintiff's *Lento's* claims, Plaintiff *Lento's* rights, or the merits of Plaintiff *Lento's* causes of action asserted herein. For an expanded analysis, *see also Hubbard Cert.* ¶ 14. Accordingly, the complaint cannot be barred by collateral estoppel.

IV.    **Application of the Entire Controversy Doctrine is Unfair Under These Circumstances**.

The crux of the entire controversy doctrine's application rests in judicial fairness, and so it must be applied – and applied here - "in accordance with equitable principles, with careful attention to the facts of a given case." *Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman and Stahl, P.C.*, 237 N.J. 91, 114 (2019). This "equitable nature" bars the doctrine's "application where to do so would be unfair in the totality of the circumstances and would not promote any of its objectives." *Id.* (quoting *K-Land Corp No. 28 v. Landis Sewerage Auth.*, 173 N.J. 59, 70 (2002)). "Because a violation of the entire controversy doctrine may result in the preclusion of a claim, a court must consider whether the party against whom the doctrine is sought to be invoked has had a fair and reasonable opportunity to litigate that claim." *Hobart Bros. Co. v. Nat'l Union Fire Ins. Co.*, 354 N.J. Super. 229, 241 (App. Div. 2002). Clearly, to date, Plaintiff *Lento* has not.

It is respectfully submitted that the equitable considerations required under the entire controversy doctrine weigh clearly and decisively in Plaintiff *Lento's* favor. In consideration of the equitable nature of the doctrine, it would be grossly unjust and inequitable for this Court to reward Defendant *Altman's* failures, as determined by the Court in Michigan, by finding the dismissal of Defendant *Altman's* procedurally deficient claims in the Michigan Action precludes Plaintiff *Lento's* right to seek justice here. The fact of the matter is that Defendant *Altman's* claims should have never been filed in Michigan—they were procedurally improper and barred by Defendants' failure to assert them as compulsory counterclaims in *Lento I*.

Even more importantly, the dismissal of the *Altman* Michigan Action did not resolve, address, or consider the plausibility of Plaintiffs' substantive claims in the within action by *Lento* and definitely did not provide Plaintiff *Lento* with a fair and reasonable opportunity to litigate those claims. The entire controversy doctrine cannot be used to bar Plaintiff *Lento's* claims, which have not yet been given a legitimate opportunity to be adjudicated. Applying the entire controversy doctrine under this set of facts would contradict its purpose. For an expanded analysis, *see also Hubbard Cert.* ¶ 15.

V.    **Conclusion.**

It is respectfully submitted that the Court's attempt to dismiss Plaintiff *Lento's*' Complaint pursuant to the preclusion doctrines discussed herein would be misplaced. Plaintiff *Lento's* claims are not barred by res judicata because the claims alleged are not identical to, nor substantially similar to, those dismissed in the Michigan Action, and further because the disposition of the Michigan Action was largely based on procedural grounds. Collateral estoppel is likewise inapplicable, as no issue relevant to Plaintiff *Lento's*'s claims was actually or ever litigated in the Michigan Action. Lastly, the entire controversy doctrine offers no basis for preclusion, as Defendant *Altman's* own claims were improperly pled, while Plaintiff *Lento's* claims were properly filed here at this Court's direction.

4

While the Michigan Court's Opinion arguably has an impact on the litigation before Your Honor, given its disposition of *Altman's* claims/counterclaims, that impact does not relate to Plaintiff *Lento's* claims here.

Thank you for your courtesies and consideration.

Respectfully yours,
**PRICE MEESE SHULMAN
& D'ARMINIO, P.C.**

By: /s/ Michael Farhi_____
Michael Farhi

cc:  Adversary via Pacer filing