**PRICE MEESE SHULMAN**
**& D'ARMINIO, P.C.**
Michael Farhi, Esq.
50 Tice Boulevard, Suite 380
Woodcliff Lake, N.J. 07677
(201) 488-7211
*Attorneys for Plaintiffs Joseph D. Lento, Esq.*
*& Lento Law Firm, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEPH D. LENTO, ESQ**., an individual, **LENTO LAW FIRM, LLC**, a limited liability company,<br><br>             Plaintiffs,<br><br>v.<br><br>**KEITH ALTMAN, ESQ**., an individual, **THE LAW OFFICE OF KEITH ALTMAN, PLLC, a/k/a "K ALTMAN LAW"**, a limited liability company, **ARI KRESCH**, an individual, and **RICHARD GILL**, an individual,<br><br>             Defendants. | Civil Action No.:  24-5150<br>Hon. Michael A. Shipp, U.S.D.J.<br><br><br>Return Date: November 21, 2025<br><br>**CERTIFICATION OF COUNSEL** |

    **MICHAEL FARHI,** of full age, certifies as follows:

    1.     I am a partner in the law firm of Price, Meese, Shulman & D'Arminio, P.C. the attorneys for the Plaintiffs in the above-captioned matter. I make this certification in response to the Order to Show Cause of the Hon. Michael A. Shipp, U.S.D.J., dated October 31, 2025 (Document 47).

    2.     Presently pending before the Court are two Notices of Motion filed by Defendant Altman (Docs. 9 and 10) on May 16, 2024, and Plaintiff's timely oppositions (Docs. 18 and 19). The Court has not, to date, addressed those applications.

    3.     On March 26, 2025, I submitted a letter to Judge Shipp noting receipt of the 3rd Circuit Court of Appeals' Order affirming this Court's decision in the matter of Case No.: 1-22-

1

cv-04840 (Doc. 35) and respectfully requesting that a conference be scheduled for Judge Shipp's earliest available date.

4.    On March 28, 2025, I submitted a letter noting the 3rd Circuit Court of Appeals' Order affirming this Court's decision in the matter of Case No.: 1-22-cv-04840 (Doc. 35).

5.    On April 17, 2025, I wrote to Judge Shipp enclosing a copy of the aforesaid Order of the 3rd Circuit Court of Appeals (Doc. 37).

6.    On May 13, 2025, I wrote to Magistrate Judge Rukhsanah L. Singh (Doc. 38) indicating that we were in receipt of the Appellate Court's Order affirming this Court's decision in the matter of Case No.: 1-22-cv-04840. The letter further noted that "[o]n November 12, 2024, the Hon. Michael A. Shipp, U.S.D.J, issued an Order staying this matter pending the outcome of the Appeal (Doc. No. 34). On March 28, 2025, we complied with that directive by writing to him that the Appellate Court affirmed this Court's decision in the matter of Case No.: 1-22-cv-04840 and requested a conference be scheduled (Doc. No. 35)."

7.    On May 29, 2025, following a telephonic conference with Magistrate Judge Singh, she issued a Text Order lifting the stay imposed in this matter and directed the Clerk of the Court to reactivate the aforesaid motions.

8.    On August 27, 2025, I wrote to the Court (Doc. 41) enclosing two filings entered by the United States District Court Eastern District of Michigan. Those enclosures included the Order and Opinion by that Court granting my clients motion to dismiss and the corresponding judgment.

9.    On August 29, 2025, I wrote to the Court (Doc. 42) to supplement my letter of August 27, 2025, which had enclosed copies of two filings entered by the United States District Court Eastern District of Michigan. Those enclosures included the Order and Opinion by that

Court granting my clients' motion to dismiss and the corresponding judgment. The Order and Opinion by Hon. Susan K. DeClercq, U.S.D.J. addressed issues raised by Defendant herein (Altman was the Plaintiff in Michigan) of lack of personal jurisdiction by and improper venue in this court and the waiver of the same. That Court also addressed defendants' waiver of his counterclaims to plaintiffs' action in this Court. As Judge DeClercq wrote, Altman's Counterclaims "are forever barred period."

10.     On September 3, 2025, I wrote to the court (Document No. 43), submitting a joint status letter in compliance with Judge Shipp's directive of May 29, 2025 (Doc. 40). That joint status letter concluded with the following from both counsel: "Counsel for the parties respectfully await Your Honor's decisions on the aforesaid pending motions."

11.     On October 8, 2025, I wrote to Judge Shipp, U.S.D.J. (Doc. 45) to advise that the time for Defendant Altman to appeal the Order of Judge DeClercq had run, without an appeal having been filed.

12.     On October 31, Judge Shipp issued his Order to Show Case (Doc. 47).

13.     In additional response to Judge Shipp's Order to Show Case, I incorporate by reference the accompanying submission of John A. Hubbard, Esq., who represented the Plaintiff Lento herein as a Defendant in the Michigan litigation and is fully familiar with that matter. We also rely on the arguments made in the accompanying Memorandum of Law.

14.     For the reasons and arguments set forth, it is respectfully submitted that the Court should not dismiss Plaintiff Lento's claims by its Order to Show Cause and proceed to adjudicate the pending Notices of Motion.

**<u>CERTIFICATION</u>**

I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.


 _/s/ Michael Farhi_
**MICHAEL FARHI**

Dated:  November 21, 2025