**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH D. LENTO, ESQ., an individual, LENTO LAW FIRM, LLC, a limited liability company,<br><br>              Plaintiffs,<br><br>v.<br><br>KEITH ALTMAN, ESQ., an individual, THE LAW OFFICE OF KEITH ALTMAN, PLLC, a/k/a "K ALTMAN LAW", a limited liability company,<br><br>              Defendants. | Civil Action No.: 24-5150 (MAS) (JTQ)<br><br><br>**CERTIFICATION OF COUNSEL** |

**JOHN A. HUBBARD, ESQ.,** of full age, certifies as follows:

1.        I am a partner in the law firm of Hubbard Snitchler Parzianello PLC, attorneys for Defendants in the United States District Court for the Eastern District of Michigan ("EDMI") in the matter of *Altman v. Lento*, Case No. 2:24-cv-13345. I make this certification in support of my client's response to the Court's October 31, 2025, Order to Show Cause (the "OSC") (**Exhibit A**) in the above-captioned matter (*Lento II*).

2.        Altman filed his Complaint (**Exhibit B**) against Lento in the United States District Court for the Eastern District of Michigan. In lieu of an Answer, Lento filed his Motion to Dismiss (**Exhibit C**).

3.        Attached as **Exhibit D** is the August 27, 2025 Opinion and Order of the United States District Court for the Eastern District of Michigan ("EDMI") in *Altman v. Lento*, Case No. 2:24-cv-13345, which granted Lento's motion to dismiss Altman's Michigan complaint with prejudice (the "EDMI Opinion"). The Michigan Eastern District Court held that Altman's claims were precluded by the failure to file them as a compulsory counterclaim in the first NJ Federal Case (*Lento I*).

1

4.      In *Lento I* (DCNJ. No. 22-4840), after dismissing Altman's counterclaim on the merits, the United States District Court for the District of New Jersey ("DCNJ") dismissed Lento's remaining state-law claims without prejudice, expressly declining supplemental jurisdiction and allowing those claims to be refiled in state court. (See *Lento I*, ECF No. 146.)

5.      On April 12, 2024, Altman filed his Complaint in Michigan state court (Oakland County, No. 24-206772-CB) against Lento and Brendan Gulla. Lento never filed any affirmative claims against Altman in Michigan state court.

6.      Within hours of Altman filing claims in Michigan state court, Lento's claims were preserved and refiled in the Superior Court of New Jersey, Middlesex County, consistent with the federal court's direction. Altman later removed the New Jersey state court action to the DCNJ (*Lento II*).

7.      The Michigan state court subsequently dismissed Altman's claims against Michigan resident Brendan Gulla ('Gulla") with prejudice on the merits and against Lento without prejudice. There was never a merits adjudication against Lento or final disposition of Altman's claims against Lento in Michigan state court.

8.      Altman then refiled his claims in the Eastern District of Michigan without Gulla and with subject matter, diversity jurisdiction. Lento again asserted no affirmative claims in that proceeding; all of Lento's claims remained pending in *Lento II* before this Court.

9.       On August 27, 2025, the Michigan Eastern District Court dismissed Altman's Michigan complaint with prejudice, holding that (a) Altman's contract and promissory-estoppel claims were barred as compulsory counterclaims that should have been raised in *Lento I*, and (b) Altman's malicious-prosecution claim failed to state a plausible claim for relief.  (*Altman v. Lento*, E.D. Mich. No. 24-13345, Opinion & Order at 11–12, Exhibit A hereto). The EDMI Opinion and

2

Order therefore bars Altman's claims on the merits. Lento's claims in *Lento II* in NJ were not affected, analyzed, evaluated, considered, or dismissed in anyway.

10.     The Michigan Eastern District Court decision did not (and could not) reach or dismiss Lento's claims, which had been properly refiled in New Jersey months earlier under the federal court's direction and then subsequently removed. Nor did the Michigan Eastern District Court make any factual or legal determination that could collaterally estop Lento. The EDMI Opinion penalized Altman's procedural default under Rule 13, not Lento's conduct.

11.     Accordingly, Lento's claims were preserved and timely refiled under the federal court's direction. The Michigan Eastern District Court Opinion and Order resolved only Altman's causes of action and cannot operate as res judicata, collateral estoppel, or an Entire Controversy Doctrine bar with respect to Lento's claims and causes of action in *Lento II*.

12.     This DCNJ Order to Show cause suggests that Lento's claims in *Lento II* "may be barred" because the Michigan Eastern District Court entered a "final judgment on the merits." That premise misreads the scope of the Michigan ruling: the "final judgment" was entered against Altman as Plaintiff in his own Michigan case. It did not adjudicate, extinguish, or even mention Lento's affirmative claims because none were brought in Michigan.

13.     Res judicata bars a party from relitigating claims it brought (or should have brought) in a prior case ending in a final merits judgment. *See Walker v. Choudhary*, 40 A.3d 63, 72-73 (N.J. Super. App. Div. 2012). As *Walker* explains, "[t]he basis on which the summary judgment was granted, the statute of limitations, bears no relationship to the actual merits of the case." *Id.* at 75. The Court further held that a statute of limitations-based dismissal "will serve as an adjudication on the merits, but only with regard to" the party against whom it is entered. *Id*. So too here: the Michigan Eastern District Court's dismissal was based solely on Altman's procedural

3

default under Rule 13 for failing to assert compulsory counterclaims in *Lento I*, not on any adjudication of the substantive merits of Lento's claims. Just as a statute of limitations ruling does not determine whether negligence occurred, a Rule 13 dismissal does not determine the truth or falsity of an opposing party's contract or tort claims that were pending and preserved in another jurisdiction pursuant to the DCNJ's instruction. Because res judicata applies only to claims actually adjudicated on their merits between the same parties, the Michigan judgment precludes Altman alone.

14.     Collateral estoppel likewise fails: the Michigan Eastern District Court decided (i) Altman's Rule-13 default on his contract theories and (ii) the insufficiency of Altman's malicious-prosecution allegations. Those determinations have no bearing on the elements of Lento's affirmative claims. Collateral estoppel bars "the relitigation of an issue that has already been litigated and resolved in a prior proceeding … only where (1) the issue at stake is identical to the one involved in the prior proceeding' (2) the issue was actually litigated in the prior proceeding; (3) the determination  of the issue in the prior litigation must have been 'a critical and necessary part' of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding." *In re Liquidation of Integrity Ins. Co./Celotex Asbestos Tr*, 67 A.3d 587, 596 (N.J. 2013) (internal citations omitted). None of those elements are satisfied here: the issues decided in Michigan were procedural and case-specific to Altman, not "identical" to any factual or legal question underlying Lento's preserved claims. Moreover, under New Jersey law, collateral estoppel does not apply where its use would be unfair. *Olivieri v. Y.M.F. Carpet, Inc.*, 897 A.2d 1003, 1009 (N.J. 2006). Applying the doctrine against Lento, whose claims were never adjudicated and who was expressly authorized by the federal court to refile them, would be inequitable and improper.

4

15.     The Entire Controversy Doctrine (ECD) does not apply to bar Lento's claims based on the Michigan Eastern District Court's Opinion and Order. The doctrine is "an equitable principle," and "its applicability is left to judicial discretion based on the particular circumstances inherent in a given case." *Francavilla v. Absolute Resolutions VI, LLC*, 312 A.3d 307, 311 (N.J. Super. App. Div. 2024), *cert. denied*, 325 A.3d 439 (N.J. 2024) (quoting *Mystic Isle Dev. Corp.*, 662 A.2d 523, 529-30). It serves three purposes: "(1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay." *Id*. (internal citations omitted). Those equitable considerations weigh decisively against applying the doctrine here. Altman's Michigan claims never should have been brought in the first place. The claims were procedurally improper and barred by his failure to assert them as compulsory counterclaims in *Lento I*. By contrast, Lento's claims were timely preserved and refiled in New Jersey under the express direction of the federal court after *Lento I* was dismissed without prejudice. That refiling fulfilled, rather than frustrated, the ECD's goals by ensuring the claims proceeded in a single, proper forum. The Michigan dismissal resolved only Altman's procedurally defective claims and has no bearing on Lento's. Applying the ECD to bar Lento's properly preserved and court-directed claims would invert the doctrine's equitable purpose and undermine its core aims of fairness, efficiency, and finality.

16.     Indeed, the Michigan Eastern District Court recognized that *Lento II* remained active and pending after the Third Circuit appeal stay was lifted. That recognition confirms the Michigan Eastern District Court did not purport to consider, resolve or preclude Lento's claims in *Lento II*. Simply, there has been no ruling or order by the Michigan Eastern District Court regarding Lento's claims raised in *Lento II*.

5

17.     In short, the Michigan Eastern District Opinion and Order bars only Altman. The Opinion and Order has no impact, through res judicata, collateral estoppel, or otherwise, with respect to Lento's claims espoused in *Lento II*.

## **CERTIFICATION**

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_/s/ John A. Hubbard_____
**John A. Hubbard, Esq.**

Dated:  November 21, 2025