# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSEPH D. LENTO, ESQ., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KEITH ALTMAN, ESQ., *et al.*,<br><br>Defendants. | Civil Action No. 24-5150 (MAS) (JTQ)<br><br>**ORDER TO SHOW CAUSE** |

This matter comes before the Court upon a review of its docket and recent correspondence submitted by the parties. Specifically, the Court has reviewed the parties' correspondence regarding the final judgment rendered by the United States District Court Eastern District of Michigan in *Altman v. Lento*, No. 24-13345 (E.D. Mich.) (the "Michigan Action"), a parallel proceeding to this action.[1] (*See* ECF Nos. 41, 43, 43, 45, 46.) Upon a review of the procedural history and related proceedings, the Court is concerned that this action may be barred by the doctrines of *res judicata*, collateral estoppel, and/or New Jersey's entire controversy doctrine.

By way of brief background, this case arises out of a protracted dispute between two lawyers and their respective law firms. Plaintiffs Joseph D. Lento, Esq. and the Lento Law Firm, LLC (collectively, "Lento") and Defendants Keith Altman, Esq. and the Law Office of Keith Altman, PLLC (collectively, "Altman") are attorneys who entered an oral agreement in May 2020 to work on student disciplinary cases together. (*See* Compl. ¶¶ 11, 16, ECF No. 1-2; Compl. ¶¶ 9,

---

[1] Docket entries from the related matter, *Altman v. Lento*, No. 24-13345 (E.D. Mich.), are designated as "Mich. Action, ECF No."

14, Mich. Action, ECF No. 1.) After approximately one year, the parties' business relationship deteriorated, prompting a series of lawsuits in multiple forums.

On August 1, 2022, Lento filed suit against Altman in the District of New Jersey, Camden Vicinage. *See Lento v. Altman*, No. 22-4840 (*"Lento I"*).[2] In *Lento I*, Lento asserted several federal and state law claims against Altman and his colleagues, including breach of contract, tortious interference, unjust enrichment, and violations of the federal and New Jersey Racketeer Influenced and Corrupt Organizations Act ("RICO"). (*See* Am. Compl., *Lento I*, ECF No. 17.) The Court granted Altman's motion to dismiss in part, dismissing Lento's federal claims, but allowing certain state law claims to proceed. (*Lento I*, ECF Nos. 39, 40.) Altman then filed a counterclaim for breach of contract, which the Court dismissed on the merits for failure to state a claim.[3] *Lento I*, No. 22-4840, 2024 WL 1154470 (D.N.J. Mar. 18, 2024), *aff'd*, No. 24-1899, 2025 WL 914306 (3d Cir. Mar. 26, 2025). A few weeks later, the District Court *sua sponte* dismissed Lento's remaining claims, over which it declined supplemental jurisdiction, without prejudice to refile the claims in state court. (*Lento I*, ECF No. 146).[4]

---

[2] Docket entries from the related matter, *Lento v. Altman*, No. 22-4840 (D.N.J.), are designated as "*Lento I*, ECF No."

[3] Altman appealed the dismissal of his counterclaim, contending that the District Court erred in maintaining jurisdiction and ruling on the merits of his counterclaim after it had dismissed Lento's federal law claims. (*See* Opinion 4 n.1, *Lento v. Altman*, COA Docket, No. 22-04840 (3d Cir. Mar. 26, 2025).) The Third Circuit rejected Altman's argument and affirmed the District Court's order, explaining that the District Court's exercise of supplemental jurisdiction over Altman's counterclaim was discretionary, and finding no error in the District Court's conclusion that Altman failed to state a plausible claim for breach of contract. *Id.* at 4 n.1, 8.

[4] In dismissing the claims *sua sponte*, the Court found that Lento had not sufficiently alleged diversity jurisdiction, and therefore, declined to exercise supplemental jurisdiction over Lento's remaining state law claims. (*See Lento I*, ECF No. 146.)

A race to the courthouse ensued, with Altman and Lento each rushing to their preferred jurisdictions to refile their claims first. On April 12, 2024, Altman filed suit in Michigan state court against Lento and Branden Gulla ("Gulla"). (Compl., *Altman v. Lento*, No. 24-206772-CB, ECF No. 1 (Oakland Cnty. Ct. Apr. 12, 2024).) Mere hours later, Lento filed his complaint in the Superior Court of New Jersey, Middlesex County ("*Lento II*"), which was removed to this Court and constitutes the present action. (*See* Notice of Removal, ECF No. 1; ECF No. 32-1; Pls.' Opp'n Br. 32 n.3, ECF No. 18.)

While this matter was pending, the Michigan state court dismissed Altman's claims against Gulla with prejudice and against Lento without prejudice.[5] (*See* Order 7, Mich. Action, ECF No. 21.) Altman then refiled his claims against Lento in the Eastern District of Michigan. (Compl., Mich. Action, ECF No. 1.) Lento moved to dismiss the Michigan Action, or in the alternative, to transfer venue to this Court. (Mich. Action, ECF No. 11.) On August 27, 2025, the Eastern District of Michigan dismissed the Michigan Action with prejudice. (Order, Mich. Action, ECF No. 21.)

That dismissal constitutes a final judgment on the merits. *Argen v. Att'y Gen. N.J.*, No. 21-2571, 2022 WL 3369109, at *5, n.17 (3d Cir. Aug. 16, 2022) (citing *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610 (3d Cir. 2020) (explaining that a final judgment on the merits for purposes of *res judicata* is "any dismissal with prejudice"). Because the Michigan Action involved the same parties and nucleus of operative facts,[6] and it culminated in a final judgment on the merits, Lento's claims here appear to be precluded under the doctrines of *res judicata*, collateral

---

[5] Altman appealed the Michigan state court's dismissal, which the Michigan Court of Appeals denied as untimely and meritless on October 17, 2025. (*See* ECF No. 46-1.)

[6] For purposes of claim preclusion, suits involve the same "claim" or "cause of action" if the later suit arises from the same transaction or involves a common nucleus of operative facts. *Brownback v. King*, 592 U.S. 209, 215 n.3 (2021).

3

estoppel, and/or New Jersey's entire controversy doctrine. *See, e.g., Williamson v. Columbia Gas & Elec. Corp.*, 186 F.2d 464, 466 n.4 (3d Cir. 1950) ("A valid and final judgment rendered in one action is conclusive in another action between the parties although the other action was commenced before rendition of the judgment or before the commencement of the action in which the judgment was rendered."); *Stone v. Johnson*, 608 F. App'x 126, 127 (3d Cir. 2015) (discussing the doctrine of collateral estoppel, which precludes a party from litigating an issue that has already been adjudicated in a previous proceeding); *Rycoline Prod., Inc. v. C & W Unlimited*, 109 F.3d 883, 885 (3d Cir. 1997) (quotation marks omitted) (explaining that the entire controversy doctrine "requires a party to bring in one action all affirmative claims that [it] might have against another party, including counterclaims and cross-claims, and to join in that action all parties with a material interest in the controversy, or be forever barred from bringing a subsequent action involving the same underlying facts").[7]

Accordingly, before determining whether this action may proceed, Lento must show cause as to why his claims are not precluded by the final judgment entered in the Michigan Action.

---

[7] The doctrine of *res judicata*—which promotes "the conclusive resolution of disputes" and seeks to avoid the "expense and vexation" of multiple lawsuits, while conserving judicial resources and minimizing the possibility of inconsistent decisions, *Equal Emp. Opportunity Comm'n v. U.S. Steel Corp.*, 921 F.2d 489, 492 (3d Cir. 1990) (citation omitted)—is especially apt here. The parties have now litigated their dispute in at least four separate courts, and they have themselves acknowledged the substantial overlap between the proceedings. (*See, e.g.*, Order 6, Mich. Action, ECF No. 21 (comparing the litigation's procedural history to a "hydra," noting that "when one case fell, two more sprung up in its place"); Mot. to Transfer Venue 19, Mich. Action, ECF No. 11 (arguing that the Eastern District of Michigan should transfer the Michigan Action to this Court to "consolidate or address overlapping legal and factual issues").)

4

IT IS, THEREFORE, on this 31ˢᵗ day of October 2025, **ORDERED** as follows:

1.  Within fourteen (14) days from entry of this Order, Lento shall **SHOW CAUSE** in writing as to why the Complaint should not be dismissed with prejudice on the grounds that his claims are barred by the doctrines of *res judicata*, collateral estoppel, and/or New Jersey's entire controversy doctrine.

2.  In the alternative, if Lento concedes that this action is precluded, he may file a notice of voluntarily dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).

3.  Altman may file a response within fourteen (14) days of Lento's submission.

4.  If Lento fails to file a timely response, the Court will dismiss this matter with prejudice without further notice.

5.  Altman's pending motions (ECF Nos. 9, 10) are **ADMINISTRATIVELY TERMINATED** pending the Court's review of Lento's response to this Order to Show Cause.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**