# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**

KEITH ALTMAN, an individual;
THE LAW OFFICE OF KEITH ALTMAN,
a Michigan PLLC.

          *Plaintiffs,*

v.

JOSEPH D. LENTO, an individual;
LENTO LAW FIRM LLC, a Pennsylvania LLC;
LENTO LAW GROUP, P.C., a Pennsylvania foreign
PC;

          *Defendants.*

Case No.

Hon.

## PLAINTIFFS' COMPLAINT

*This case was originally filed in Oakland County Circuit Court, Case No.: 2024-206772-CB on April 12, 2024. It was amended on May 16, 2024 and Michigan resident Branden Gulla was added as a defendant. The Lento defendants removed the case to this court on May 31, 2024. Judge Susan K. DeClercq of this Court remanded it to Oakland County Circuit Court on July 19, 2024 Then on Dec. 12, 2024, the Oakland County Circuit Case was dismissed in its entirety; the claims against Branden Gulla were dismissed with prejudice, and the claims against the Lento defendants were dismissed without prejudice. This case is now being re-field against the Lento defendants only, all of whom are residents and citizens of state other than Michigan.*

Plaintiffs Keith Altman and the Law Office of Keith Altman, PLLC, allege as follows:

## I.    PARTIES, JURISDICTION, AND VENUE

1.    Upon information and belief, Defendant Joseph D. Lento is a resident of the state of Pennsylvania.

2.    Upon information and belief, Defendant Lento Law Firm, LLC is a foreign limited liability company, PA number 7007525, registered in the State of Pennsylvania with a registered office at 1500 Walnut Street Suite 500 Philadelphia PA 19102, and a principal place of business at 1500 Walnut Street Suite 500 Philadelphia, PA 19102.

3.      Upon information and belief, Defendant Lento Law Group, P.C. is a foreign limited liability company, PA number 7075783 registered in the State of Pennsylvania with a registered office at 1500 Walnut Street Suite 500 Philadelphia PA 19102, and a principal place of business at 1500 Walnut Street Suite 500 Philadelphia, PA 19102.

4.      Plaintiff Keith Altman is a resident of the State of Michigan.

5.      Plaintiff The Law Office of Keith Altman, PLLC is a professional limited liability company in the State of Michigan with its principal place of business at 33228 W. 12 Mile Rd., Suite 375 Farmington Hills, Michigan 48331.

6.      Defendants knowingly and intentionally contracted with Plaintiffs, with the actual knowledge that Plaintiffs are residents and citizens of Michigan, thereby purposely and knowingly availing themselves of Michigan's laws and statutes, including Michigan's Long-Arm Statute.

7.      The amount in controversy exceeds $75,000.00.

8.      Jurisdiction and venue were proper in this Court, pursuant to 28 USC 1332, based upon diversity jurisdiction.

## II.     FACTUAL ALLEGATIONS

9.      In May 2020, a working relationship started between Plaintiffs and Defendants Joseph Lento, The Lento Law Group and The Lento Law Firm (the "Lento Defendants"). ("Working Relationship"). It is impossible for Plaintiffs to differentiate between the various Lento defendants, and they will therefore be referred to collectively as the Lento Defendants.

10.     The Lento Defendants actively participated in the Working Relationship by continuing to use Plaintiffs as a 1099 employee to provide legal services to the Lento Defendants' clients.

11.     The Lento Defendants had exclusive contracts/fee agreements/engagement letters

2

with each Split Fee Clients that were sent by the Lento Defendants to Plaintiffs to provide legal services.

12.     The Lento Defendants exclusively received the fees paid by the Split Fee Clients and deposited the monies into their "operating account".

13.     The Lento Defendants paid monies to Plaintiffs for the legal services performed by him for the Split Fee Clients.

14.     The parties entered into a verbal agreement wherein all attorneys' fees collected for pre-litigation student defense matters would be split 60/40, with 60% of the fee going to the Lento Defendants as the attorney of record and 40% of the fee going to Plaintiffs for their time and labor. ("Split Fee Clients").

15.     The Lento Defendants' marketing expenses were to be deducted off the top of all attorneys' fees prior to the fee split between the parties.  ("Verbal Contract").  The terms of the Verbal Contract are undisputed.

16.     Due to the Lento Defendants owing Plaintiffs these excessive legal fees, Plaintiffs requested marketing expenses for calculation of legal fees owed to Plaintiffs, minus the Lento Defendants' paid marketing services specifically tailored to student defense and Title IX.

17.     To date, the Lento Defendants have failed to provide any amount or documentation supporting the Lento Defendants' marketing expenses and have also refused to pay Plaintiffs the amount due and owing to Plaintiffs.

18.     In February 2022, effective March 1, 2022, Plaintiffs and the Lento Defendants agreed to a modified fee split. Under the modification, the Lento Defendants were to receive 55% of the legal fees paid to the Lento Defendants with Plaintiffs receiving 45% of the fee, minus the Lento Defendants' marketing expenses being reduced off the top of the legal fees rendered prior

to the split.

19. Plaintiffs were to receive 25% of the consulting revenue retroactive to January 1, 2022. ("Modified Verbal Contract").

20. This modification was agreed to by all parties.

21. Due to the growth of the services being rendered by Plaintiffs, they incurred additional staffing expenses.

22. The parties subsequently agreed to a second modification of the Verbal Contract providing Plaintiffs' law firm salaries, approximately $100,000 per month, being reduced along with the Lento Defendants' marketing expenses from the Fee Split Clients' fees. ("Second Modified Verbal Contract").

23. As of July 2022, the Lento Defendants owed Plaintiffs $705,665, plus $100,000 for Plaintiffs' salaries.

24. The total amount owed by the Lento Defendants to Plaintiffs is $770,260.

25. Prior to July 2022, the Lento Defendants made payments to Plaintiffs in accordance with the verbal agreement, albeit incomplete payments.

26. Plaintiffs provided the Lento Defendants with an accounting evidencing the owed attorneys' fees and salary costs.

27. To reduce the amount owed, the Lento Defendants agreed to send $80,000 to Plaintiffs on or before July 22, 2022.

28. On July 23, 2022, the Lento Defendants did not send the agreed upon amount of $80,000 but only sent $55,000 to Plaintiffs.

29. On July 24, 2022, the parties agreed to sever the Working Relationship.

30. Also on that same day, John Hunt, as agent for the Lento Defendants, advised

4

Altman that he had been appointed by Plaintiffs to negotiate the outstanding fees.

31. Based on Hunt's representations of his appointment by the Lento Defendants to negotiate the outstanding fees, coupled with his title as Lento's financial/tax preparer, Plaintiffs made a demand to the Lento Defendants in the amount of $500,000.

32. On July 25, 2022, a Resolution Agreement was made by the Lento Defendants offering the following: 1) $365,000 payment to Plaintiff; 2) Lento Defendants taking back all uncompleted student defense cases which were not active litigation cases; 3) Lento Defendants waiving all referral fees in all litigation matters arising from the Verbal Contract to the present; 4) mutual indemnification; 5) mutual releases; and 6) mutual non-disparagement.

33. These terms were verbally agreed to by all parties, and all of whom also agreed to circulate and execute a Resolution Agreement.

34. Plaintiffs forwarded to the Lento Defendants a Memorandum of Understanding that accurately reflected the Resolution Agreement.

35. On July 28, 2022, the Lento Defendants revised the MOU and forwarded an unsigned copy of same to Plaintiffs.

36. The revised MOU was drafted by Joseph Cannizzo of the Defendant Lento Law Group and edited personally by Defendant Joseph Lento.

37. The core elements of the contract remained unchanged throughout both versions:

    a. Lento Law Group, LLC, Joseph Lento, Keith Altman and the Law Office of Keith Altman sought to terminate the working relationship.

    b. Lento was to pay Altman $365,000 for the full release of all claims.

    c. All pre-litigation clients were to be transferred back to Lento and the Lento Law Group as Lento had already received payment for the services.

5

d. The Law Office of Keith Altman would maintain all litigation clients and would render new fee agreements to such clients removing Lento from their representation and an award of fees should litigation result in an award.

38. The Lento Defendants edited the MOU to include a clause that stated "WHEREAS the Parties to this Agreement desire to settle, resolve, and release all disputes, potential disputes, or causes of action which either party has asserted or could assert against the other party"

39. The Resolution Agreement entered into between the parties on July 28, 2022, is binding, but is pending in the Third Circuit of Appeals, Case No.: 24-1899, as of the filing of this instant action, and is therefore not included as a claim in the instant action.

40. However, instead of executing the written Resolution Agreement which accurately reflected the parties' agreed terms and which was written jointly by all parties, The Lento Defendants instead decided to file a RICO lawsuit against the Plaintiffs, along with a slew of other claims, against Plaintiff in the United States District Court for the District of New Jersey (1:22-cv-04840) on August 1, 2022, herein "The New Jersey Action".)

41. This RICO lawsuit was and remains a clear and obvious tactic to burden Plaintiffs with a baseless lawsuit filed in a state in which no party resides, I.E. New Jersey.

42. In September 2022, John Groff, Office Manager of the Lento Law Group, expressly stated to Plaintiffs **_in writing_** that Plaintiffs should include Groff in the litigation that was pending at the time, he would ensure that ethics complaints were filed in all jurisdictions in which Plaintiff Altman was admitted to practice.

43. Skipping ahead to a hearing on the aforementioned RICO lawsuit that took place on November 27, 2023, the parties discussed the possibility of conducting extensive discovery on the involvement of John Groff in the matter.

6

44. Less than a month later, an employee of one of the Lento entities by the name of Branden Gulla, who also happened to be a former client and former employee of Plaintiffs, filed a bar complaint against Mr. Altman with the Michigan Attorney Grievance Commission.

45. Mr. Gulla's bar complaint against Plaintiffs contained information in relation to the Lento Defendants that Mr. Gulla would have no knowledge of without it being provided or perhaps written by the Lento Defendants, including claims that:

    a. Mr. Gulla claimed that refunds were issued to clients to which he would have no knowledge of;

    b. Mr. Gulla claimed that different fees were collected for the same scope of work of which he would have no knowledge;

    c. Mr. Gulla claimed that clients paid for litigation and no lawsuit was ever filed of which he would have no knowledge;

    d. Mr. Gulla claimed that work was conducted for clients without a signed fee agreement of which he would have no knowledge;

    e. Mr. Gulla claimed that Mr. Altman would call the Lento Defendants' clients to "bad mouth" them which is not only outright false, but there would be conceivable way for Mr. Gulla to even make such a claim, unless that information was provided to him by the Lento Defendants.

46. Mr. Gulla's bar complaint was summarily dismissed in April 2024;

47. Mr. Gulla filed the aforementioned bar complaint as a part of his conspiracy with the Lento Defendants specifically to gain leverage in their litigation against Plaintiffs.

48. The fact remains that as of the filing of this lawsuit, the Lento Defendants owe Plaintiffs at least $805,665.00, and are refusing to pay, in blatant breach of the parties agreement.

## COUNT I – BREACH OF CONTRACT/BREACH OF IMPLIED CONTRACT
### Plaintiffs against the Lento Defendants.

49. Plaintiffs incorporate by reference the facts alleged in each and every allegation set forth in the preceding paragraphs as if fully set out herein.

50. The parties entered into a verbal agreement.

51. There was a mutually agreed upon consideration to be exchanged between the Parties, each of which had the competency and agency to enter into the subject agreement.

52. There was sufficient consideration for all parties.

53. As a direct and proximate result of Defendants' actions, Plaintiffs sustained and continue to sustain injuries and damages.

54. The essential terms of this verbal agreement were memorialized in writings including emails over the years and records of payments made, copies of which are in Defendants' possession.

55. As an alternative, the parties engaged in a verbal agreement, as is outlined herein, which the defendant breached, causing $805,665.00 in damages to Plaintiffs.

56. The defendant breached this agreement and owe Plaintiffs an outstanding balance of $805,665.00.

## COUNT II – PROMISSORY ESTOPPEL
### Plaintiffs against the Lento Defendants.

57. Plaintiffs incorporate by reference the facts alleged in each and every allegation set forth in the preceding paragraphs as if fully set out herein.

58. Defendants made certain verbal assertions and promises to Plaintiffs, with the specific intent and purpose for Plaintiffs to rely on them to Plaintiffs' detriment.

59. Plaintiffs did in fact reasonably rely on Defendants' assertions and promises, to

8

Plaintiffs' detriment.

60.     Specifically, Plaintiffs worked on Defendants' cases, in reasonable reliance on Defendants' assurances that the herein-described agreed-upon payments would be made.

61.     As a direct and foreseeable result of this reasonable and foreseeable reliance on Defendants' assurances, Plaintiffs suffered $805,665 in damages as a direct and foreseeable result.

**COUNT III – MALICIOUS PROSECUTION**
**Plaintiffs against the Lento Defendants**

62.     Plaintiffs incorporate by reference the facts alleged in each and every allegation set forth in the preceding paragraphs as if fully set out herein.

63.     The Lento Defendants initiated a frivolous and malicious proceeding against the plaintiffs. That action was the herein-described RICO Lawsuit against the Plaintiffs, filed against Plaintiff in the United States District Court for the District of New Jersey (1:22-cv-04840) on August 1, 2022, herein "The New Jersey Action".). The Complaint and all amended complaints filed by Defendant(s) against Plaintiff(s), are incorporated by reference.

64.     That New Jersey included malicious claims of Federal RICO, New Jersey RICO, Breach of Contract, Bad Faith, Tortious Interference with Contract, Professional Negligence, Negligence Per Se, Unjust Enrichment, Conversion, Unfair Competition, and Declaratory Judgment Act, all of which were dismissed, That includes malicious claims of Bad Faith (Count VI), Negligence Per Se (Violation of NJ RPC 1.16/ MI RPC 1.16/ MRPC 1.16) (Count VII), Negligence Per Se (Violation of NJ RPC 8.4/ MI RPC 8.4/ MRPC 8.4) (Count VIII) , Negligence Per Se (Violation of NJ RPC 7.1/ MI RPC 7.1/ MRPC 7.1) (Count IX) , Unjust Enrichment (Count X), Conversion (Count XI), Unfair Competition, False Representation, False Designation of Origin, and False Advertising Under the Lanham Act (Count XII) (as to the unfair competition claim), and Declaratory Judgment Act (Count XIII), which were dismissed with prejudice.

9

65. That action was filed in New Jersey, despite there being no legal basis for it to be filed in New Jersey, and there being no personal jurisdiction over the Plaintiffs.

66. That action was eventually dismissed by that Court on April 10, 2024, thereby terminating the proceeding in Plaintiffs' favor.

67. That New Jersey Action was initiated by the defendants with malicious intent, without probable cause or a good faith basis, and with the primary purpose to cause trouble or harm to Plaintiffs, and not to bring the plaintiffs to justice.

68. The filing of the RICO Lawsuit, coupled with the threat of bar grievances, and the timing of the by a bar grievance that was filed by a Lento employee, with information provided by the Lento Defendants further proves the Lento Defendants bad faith and malicious intent.

69. Plaintiffs suffered harm as a result.

WHEREFORE, Plaintiffs respectfully requests judgment to be entered in favor of Plaintiffs and against Defendants for all damages available pursuant to law, including compensatory damages, exemplary damages, and attorney fees and costs.

Respectfully submitted,

/s/ Solomon M. Radner
Solomon M. Radner, Esq. (P73653)
RADNER LAW GROUP PLLC
17515 West Nine Mile Road, Ste 1050
Southfield, MI 48075
Telephone: (877) 723-6375
solomon@radnerlawgroup.com
*Attorney for Plaintiffs*

**DATED: December 12, 2024**