Solomon M. Radner
RADNER LAW GROUP PLLC
17515 Nine Mile Road, Suite 1050
Southfield, MI 48075
Telephone: (877) 723-6375
Fax: (866) 571-1020
solomon@radnerlawgroup.com
*Attorney for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH D. LENTO, ESQ., an individual, LENTO LAW FIRM, LLC, a limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> KEITH ALTMAN, ESQ., an individual, THE LAW OFFICE OF KEITH ALTMAN, PLLC, a/k/a "K ALTMAN LAW", a limited liability company, <br><br> Defendants. | Civil Action No.: 3:24-cv-05150 <br><br> Hon. Michael A. Shipp |

## DEFENDANTS' RESPONSE TO THE ORDER FOR PLAINTIFF'S TO SHOW CAUSE [ECF 047]

This Honorable Court issued an Order to Show Cause on October 31, 2025,

as to whether the Complaint should be dismissed with prejudice on the grounds that

Plaintiff's claims are barred by the doctrines of res judicata, collateral estoppel and/or New Jersey's entire controversy doctrine. [ECF 047].

On August 1, 2022, Plaintiffs initiated the first action between the parties in the United States District Court for the District of New Jersey, Camden Vicinage, under Civil Action No. 22-4840. ("Lento I"). In Lento I, Plaintiffs asserted federal and state law claims, including breach of contract, tortious interference, and violations of the federal and New Jersey RICO statutes. The Court dismissed Plaintiffs federal claims and declined supplemental jurisdiction over the remaining state law claims, dismissing them without prejudice.

Following the dismissal of Lento I, both parties filed new actions in their preferred jurisdictions. Defendants filed an action in Michigan state court, which was later dismissed and refiled in the Eastern District of Michigan ("Michigan Action"). Plaintiffs subsequently filed the present action in the Superior Court of New Jersey, Middlesex County, which was subsequently removed to this Court based on diversity jurisdiction.

On August 27, 2025, the Michigan Action was dismissed with prejudice.

Defendants agree that the claims in the present action arise out of the same transactions or occurrences. Defendants identify that the claims themselves are not identical in nature. The parties in their respective actions sought different claims and remedies under similar fact patterns.

The Court is correct in stating that Plaintiffs could have brought the present claims in the Michigan Action. However, they chose not to dismiss the present action to allow for attachment to the Michigan Action. Should that rise to the level of res judicata and/or collateral estoppel and/or New Jersey's entire controversy doctrine forever barring Plaintiff's claims to move forward is a decision this court will need to make.

## I.    CONCLUSION

For the foregoing reasons, Should the Court allow Plaintiff's claims to move forward, Defendants respectfully request that the Court: the Court reinstate Defendant's pending motions to dismiss to address the jurisdictional and substantive issues raised therein.

Dated: December 5, 2025                    Respectfully submitted,

_/s/ Solomon M. Radner_
Solomon M. Radner
RADNER LAW GROUP PLLC
17515 Nine Mile Road, Suite 1050
Southfield, MI 48075
Telephone: (877) 723-6375
Fax: (866) 571-1020
solomon@radnerlawgroup.com

*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney for Defendant hereby certifies that a true and correct copy of the foregoing document has been electronically filed and is available for viewing and downloading from the ECF system in accordance with the local Federal Rules of Civil Procedure.

Dated: December 5, 2025                    Respectfully submitted,

*/s/ Solomon M. Radner*
Solomon M. Radner, Esq. (283502018)