**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH D. LENTO, ESQ., *et al.*,<br>Plaintiffs,<br>v.<br>KEITH ALTMAN, ESQ., *et al.*,<br>Defendants. | Civil Action No. 24-5150 (MAS) (JTQ)<br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiffs Joseph D. Lento, Esq. ("Lento") and the Lento Law Firm, LLC's ("LLF", and together with Lento, "Plaintiffs") November 21, 2025, response to this Court's October 31, 2025, Order to Show Cause ("OTSC") as to why Plaintiffs' Complaint should not be dismissed with prejudice on the grounds that Plaintiffs' claims are barred by res judicata, collateral estoppel, and/or the New Jersey entire controversy doctrine. (Pls.' OTSC Response, ECF No. 51.)

By way of brief background, Lento and Defendants Keith Altman, Esq. ("Altman") and the Law Office of Keith Altman, PLLC (together with Altman, "Defendants") are attorneys who worked together under an oral agreement (the "Agreement") on student disciplinary cases. (Compl. ¶ 12, ECF No. 32-1.) After a few months of working together, the parties' relationship quickly fractured, and Lento subsequently terminated the Agreement. (*See generally* Compl.) The Court now turns to the convoluted procedural history of this case giving rise to the Court's entry of the October 31, 2025, OTSC.

On August 1, 2022, Plaintiffs filed a complaint in the District of New Jersey, Camden Vicinage, against Defendants asserting a mix of federal and state law claims arising from the same set of facts as those presented in the instant case. (*See* Compl., *Lento, et al. v. Altman, et al.*, No. 22-4840, ECF No. 1 ("*Lento I*").[1]) In *Lento I*, Altman filed a counterclaim against Lento for breach of contract. (*See* Answer, *Lento I*, ECF No. 51.) The Court dismissed most of the claims in Lento's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure[2] on June 27, 2023, but allowed certain state law claims to proceed. (*See* June 27, 2023, Op. & Order, *Lento I*, ECF Nos. 39, 40.) The Court then dismissed Altman's breach of contract claim on March 18, 2024. (Mar. 18, 2024, Op. & Order, *Lento I*, ECF Nos. 122, 123.) Three weeks later, on April 10, 2024, the Court denied Lento's motion to amend the complaint (*Lento I*, ECF No. 63) and *sua sponte* dismissed Lento's remaining state law claims without prejudice, declining to exercise supplemental jurisdiction over them. (*See* Apr. 10, 2024, Mem. Order, *Lento I*, ECF No. 146.)

After the Court dismissed *Lento I*, a race to the courthouse ensued. On April 12, 2024, Defendants filed suit in a Michigan state court against Plaintiffs and one other defendant. (Compl., *Altman v. Lento*, No. 24-206772, ECF No. 1 (Oakland Cnty. Ct. Apr. 11, 2024).) On the same date, but mere hours later, Lento refiled his complaint in the Superior Court of New Jersey, Middlesex County, which Defendants removed to this Court on April 17, 2024, and which constitutes the present action. (*See* Not. of Removal, ECF No. 1; Compl., ECF No. 32-1; *see also* Pls.'s Br. 32 n.3, ECF No. 18.)

---

[1] Docket entries from *Lento I*, No. 22-4840 (D.N.J.) are designated as "*Lento I*, ECF No."

[2] All references to "Rule" or "Rule" hereafter refer to the Federal Rules of Civil Procedure.

While this matter was pending, on May 10, 2024, Defendants appealed the April 10, 2024, dismissal order in *Lento I.* (*See generally* Defs.' Not. of Appeal, *Lento I*, ECF No. 154.) On May 16, 2024, Defendants then moved to dismiss the Complaint in this action. (*See* Defs.' Mot. to Dismiss, ECF No. 10.) During the pendency of that motion, this Court issued an OTSC as to: (1) why this Court has subject matter jurisdiction over the present matter[3]; and (2) why this action should not be dismissed for an improper removal. (Aug. 14, 2024, OTSC 2, ECF No. 31.) After reviewing the parties' responses to this Court's August 14, 2024, OTSC, this Court *sua sponte* stayed the present matter pending resolution of *Lento I*'s appeal on November 12, 2024. (*See* Nov. 12, 2024, Mem. Order, ECF No. 34.)

Shortly after the stay was entered in this action, the Michigan state court dismissed Defendants' claims against Plaintiffs without prejudice and the claims against the other defendant with prejudice,[4] and Defendants refiled their complaint against Plaintiffs in the District Court for the Eastern District of Michigan on December 16, 2024. (*See generally* ECF No. 51-4; *see also* *Altman v. Lento*, No. 24-13345, ECF No. 1 (E.D. Mich.).[5]) Defendants' complaint in the Michigan Action sought $805,665 in damages for breach of contract and promissory estoppel arising out of the same Agreement implicated in this matter. (*See generally* Compl., Mich. Action, ECF No. 1.) In February 2025, Plaintiffs moved to dismiss with prejudice Defendants' complaint in the Michigan Action for failure to state a claim under Rule 12(b)(6) because Defendants' claims

---

[3] Defendants inadvertently attached the Michigan state court complaint to their Notice of Removal. (*See* ECF No. 1-2.)

[4] Altman appealed the Michigan state court's dismissal, which the Michigan Court of Appeals denied as untimely and meritless on October 17, 2025. (ECF No. 46-1.)

[5] Docket entries from *Altman v. Lento*, No. 24 13345 (E.D. Mich.) are designated as "Mich. Action, ECF No."

constituted compulsory counterclaims which should have been asserted in *Lento I*, and, in the alternative, moved for a venue transfer to this Court. (*See generally* Pls.' Mot. to Dismiss, Mich. Action, ECF No. 11.)

On April 17, 2025, the Third Circuit affirmed the Court's dismissal in *Lento I* (*Lento I*, ECF No. 157), and on May 29, 2025, the stay in this matter was lifted (ECF No. 40). While this action remained pending, the district court in the Michigan Action dismissed Defendants' claims against Plaintiffs with prejudice. (*See generally* Aug. 27, 2025 Op. & Order, Mich. Action, ECF Nos. 21, 22.) Given that the Michigan Action was dismissed with prejudice, and constituted a final judgment on the merits, on October 31, 2025, this Court entered an OTSC as to why the present matter should not be dismissed with prejudice on the grounds that Plaintiffs' claims are barred by res judicata, collateral estoppel, and/or the New Jersey entire controversy doctrine. (Oct. 31, 2025, OTSC, ECF No. 47.) Having received Plaintiffs' response (*see generally* Pls.' OTSC Response), the Court now addresses that issue.

The doctrine of res judicata, also known as claim preclusion, prohibits re-litigation of the same claims against the same parties, provided that the claims have previously been fairly litigated and determined. *First Union Nat'l Bank v. Penn Salem Marina, Inc.*, 921 A.2d 417, 423 (N.J. 2007); *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Where, like here, there are two "actions pending at the same time, res judicata attaches to the first judgment regardless of the sequence in which the actions were commenced." *ASAPP Healthcare, Inc. v. Serrano*, No. 18-4012, 2020 WL 7138014, at *6 n.3 (D.N.J. Dec. 7, 2020) (citation omitted).

The entire controversy doctrine, on the other hand, is "New Jersey's specific, and idiosyncratic, application of traditional res judicata principles." *Ricketti v. Barry*, 775 F.3d 611, 613 (3d Cir. 2015) (quoting *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir.

1997)). As codified in New Jersey Court Rule 4:30A, the doctrine provides, in relevant part that: "[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine . . . ." N.J. Ct. R. 4:30A. In determining whether a claim should be barred under the entire controversy doctrine, "the central consideration is whether the claims . . . arise from related facts or the same transaction or series of transactions." *Wadeer v. N.J. Mfrs. Ins. Co.*, 110 A.3d 19, 27 (N.J. 2015) (quoting *DiTrolio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995)).

Although the entire controversy doctrine is "wider in scope" than res judicata, they share the same three elements:

> (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.

*Rodrigues v. Unifund CCR, LLC*, 690 F. App'x 799, 801-02 (3d Cir. 2017) (quoting *Watkins v. Resorts Int'l Hotel & Casino*, 591 A.2d 592, 599 (N.J. 1991)). Applying those factors to the present matter, the Court finds that Lento's claims are barred in this action.

Factor one is satisfied here. A final judgment was entered in the Michigan Action on August 27, 2025, when the district court granted Plaintiffs' motion to dismiss for failure to state a claim under Rule 12(b)(6) and dismissed Defendants' complaint with prejudice. (*See* Mich. Action, ECF Nos. 21, 22, 23); *Lewis v. Smith*, 361 F. App'x 421, 423-24 (3d Cir. 2010) (noting that a dismissal "under Rule 12(b)(6) is a final judgment on the merits for res judicata purposes"). Although Lento contends that the district court in the Michigan Action did not reach the substance of the dispute and dismissed on only procedural grounds (Pls.' OTSC Response 3), it is well settled that "[a] final judgment on the merits for purposes of res judicata is *any dismissal with prejudice*." *Argen v. Att'y*

*Gen. N.J.*, No. 21-2571, 2022 WL 3369109, at *5 n.17 (3d Cir. Aug. 16, 2022) (emphasis added) (quoting *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610 (3d Cir. 2020)); *see also Kraemer v. Fontno*, No. 15-1521, 2015 WL 3631847, at *5 (E.D. Pa. June 11, 2015) (explaining that "[a] dismissal with prejudice counts as a final judgment on the merits, even if the Court fails to reach the merit of the claims").

Factor two is, additionally, satisfied here. The parties in the Michigan Action are the same as the parties in this action, save for an additional defendant in the Michigan Action—the Lento Law Group, P.C.[6] (*See* Ex. B to Pls.' OTSC Response, ECF No. 51-4.) Contrary to Lento's assertion (*see* Pls.' OTSC Response 2), it does not matter "whether the parties' positions were reversed across the 'v.' in the prior adjudication" because the parties' orientation does "not affect those parties' participation in such an adjudication nor their opportunity to raise claims and counter claims." *Fortuna v. JPMorgan Chase Bank, N.A.*, No. 23-143, 2024 WL 4291080, at *7 (M.D. Pa. Sep. 25, 2024).

Finally, the third element is met. The Third Circuit "take[s] a broad view of what constitutes the same cause of action" and res judicata "turn[s] on the essential similarity of the underlying events giving rise to the various legal claims." *Davis v. Wells Fargo*, 824 F.3d 333, 342 (3d Cir. 2016). Defendants' complaint in the Michigan Action arose out of the same verbal agreement as the Agreement in this case. (*Compare* Compl., Mich. Action, ECF No. 1 *with* Compl.) The parties have conceded as much before this Court, as well as before the district court in Michigan. (*See* Ex. C to Pls.' OTSC Response *10,[7] ECF No. 51-5 (Plaintiffs arguing in the Michigan Action that

---

[6] Plaintiffs do not contest whether the Lento Law Group is in privity with them. (*See generally* Pls.' OTSC Response.)

[7] Page numbers that are preceded by an asterisk refer to the page numbers atop the ECF header.

Defendants "actively litigated issues in [the District of] New Jersey that arise out of the same transaction and/or occurrence . . . that form the foundation of their Complaint [in Michigan]."); *see also* Dec. 5, 2025, Defs.' Correspondence, ECF No. 52 (Defendants "agree[ing with this Court's recognition] that the claims in the present action arise out of the same transaction or occurrences" as those asserted in the Michigan Action).) Accordingly, the present action and the Michigan Action arise out of the same transaction or series of occurrences concerning the verbal agreement between the parties and the parties' resulting conduct.

Although Plaintiffs contend that barring the present matter would be unfair (Pls.' OTSC Response 3), the Court does not agree. Plaintiffs have not submitted any reason as to why the district court in the Michigan Action could not have resolved the same claims Plaintiffs brought in this action had Plaintiffs asserted them as compulsory counterclaims before that court. Plaintiffs, instead, asked the district court in the Michigan Action to place a stamp of finality on the matter by moving for a dismissal *with prejudice* under Rule 12(b)(6). (*See* Ex. C to Pls.' OTSC Response 2, 24.) Plaintiffs' alternative requested relief was a venue transfer (*see id.* at 2, 24), but there was no guarantee that the district court in the Michigan Action would grant the transfer over dismissing the Michigan Action with prejudice. Had Plaintiffs intended to reserve their rights to continue adjudicating their claims in this action, they could have sought only a venue transfer or dismissal without prejudice for improper venue under Rule 12(b)(3). They did not. As a result, res judicata and the entire controversy doctrine forever bar Plaintiffs' claims in this action.[8]

For the foregoing reasons,

[8] The Court does not address collateral estoppel.

**IT IS**, on this 21st day of September 2026, **ORDERED** as follows:

1. Plaintiffs' Complaint (ECF No. 32-1) is **DISMISSED WITH PREJUDICE**.

2. The Clerk's Office is instructed to mark this matter **CLOSED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE